NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENYATTA QUYANA PINKSTON, | ) )  ) |
| Petitioner, | ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) ) |

Civil Action No. 08-4142 (GEB)

**MEMORANDUM OPINION**

**BROWN, Chief Judge**

   This matter comes before the Court upon the motion of pro se petitioner, Kenyatta Quyana Pinkston ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth in this Memorandum Opinion, issued without oral argument pursuant to Fed. R. Civ. P. 78, Petitioner's motion is denied.

**I.    BACKGROUND**

   On May 1, 2003, a federal grand jury indicted Petitioner and Mawulda Pinkston, Petitioner's brother, charging them with conspiracy to distribute and possess with intent to distribute more than fifty grams of a mixture and substance containing cocaine base, contrary to 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Gov't Answer ("Answer") at 2-3. The indictment also charged both men with an additional seven counts of distribution and possession with intent to distribute either cocaine or crack. Id. On May 9, 2003, both Petitioner and Mawulda Pinkston entered a plea of not guilty to the indictment. Id. at 3. In addition, on July 7, 2003, both men waived their right to trial by jury and subsequently, on July 9, 2003, this Court granted the motion of defense counsel, Timothy

H. Boney, Esq., to be relieved as counsel and appointed R. Louis Gallagher, II, Esq., to represent Petitioner. Id.

The indictment arose out of a joint investigation between the Federal Bureau of Investigation and the Mercer County Prosecutor's Office into a drug distribution business run by both brothers out of several residences in Trenton, New Jersey. Id. at 2. A government cooperator and local drug distributor ("the cooperating witness") assisted law enforcement in the investigation. Id. at 1-2. The cooperating witness engaged in seven controlled drug transactions with either or both of the Pinkstons during a three week period between January 30, 2003 and February 20, 2003. Id. at 2. Four transactions resulted in a sale of cocaine base (crack cocaine) while three of the transactions involved powdered cocaine. Id. The total weight of crack cocaine purchased by the cooperating witness was 126.9 grams, while the total weight of powder cocaine purchased was 176.3 grams. Id. The investigation also recovered two firearms from addresses under the control of both brothers. Id.

Petitioner and Mawulda Pinkston's bench trial began on August 18, 2003 and resulted in a conviction of both men on all counts. Id. at 3. On December 1, 2003, this Court sentenced Petitioner to two hundred and thirty-five months imprisonment. Id. Petitioner filed a timely notice of appeal, and on March 9, 2005, the United States Court of Appeals for the Third Circuit affirmed both men's convictions, but vacated their sentences and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). Id. Petitioner filed a petition for certiorari, but his petition was denied by the United States Supreme Court on May 2, 2005. Id. Accordingly, on May 25, 2005, this Court ordered Petitioner's sentence reduced to two hundred and twelve months. Id. Petitioner filed a timely notice of appeal, but on August 10, 2007, the judgment of the District Court was affirmed. Id. at 3-4.

On August 8, 2008, Petitioner timely filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Id. at 4. In his motion, Petitioner challenges his conviction, presenting the following arguments: (1) ineffective assistance of counsel in that his defense attorney never prepared a suppression motion on his client's behalf, even though the court had it scheduled; (2) ineffective assistance of counsel in that his defense attorney at his resentencing failed to investigate and present mitigating factors and failed to memorialize any such factors in a memorandum of law for the court's consideration; (3) prosecutorial misconduct resulting in a civil rights violation in that investigating agents used racial slurs during the controlled buys and investigation; and (4) the evidence did not support a conviction regarding the alleged transaction that occurred on February 14, 2003. Pet'rs Pet. ("Petition") at 5-10.

On September 11, 2008, Petitioner filed a motion requesting reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to crack offenses. Answer at 4. This matter is pending before this Court. Id.

## II.   DISCUSSION

### A.   MOTION TO VACATE, CORRECT, OR SET ASIDE A SENTENCE UNDER 28 U.S.C. § 2255

Section 2255 of Title 28, of the United States Code, permits a court to vacate, correct, or set aside a sentence that was "imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Generally, Section 2255 "may not be employed to relitigate questions which were raised and

considered on direct appeal.'" United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)), cert. denied, 511 U.S. 1033 (1994). However, the Courts of Appeals have expressed a strong preference that an ineffective assistance of counsel claim be brought before the district court in the first instance in a motion under 28 U.S.C. § 2255. DeRewal, 10 F.3d at 103 (citing United States v. Rieger, 942 F.2d 230, 235 (3d Cir. 1991)). Since it is appropriate to raise a claim of ineffective assistance of counsel under § 2255, rather than on direct appeal, "the failure to raise such a claim on direct appeal should not be treated as a procedural fault." Id.

### B.   INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that defense counsel never prepared a suppression motion on his behalf, even though the Court had scheduled the motion. Petition at 5. In addition, Petitioner further contends that defense counsel failed to investigate and present mitigating factors at Petitioner's resentencing, and failed to memorialize any such mitigating factors in a memorandum of law for the court's consideration. Id. at 6. The Court concludes that these contentions afford Petitioner no relief.

A cause of action for ineffective assistance of counsel flows from the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Lockhart v. Fretwell, 506 U.S. 364, 368 (1993) (internal quotes and citation omitted.). Accordingly, in Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court defined a two-prong test to establish ineffective assistance of counsel. The first prong of the test requires that a petitioner show that his counsel's performance was deficient. Strickland, 466 U.S. at 687. Specifically, in order to succeed on the deficiency prong, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. This requires

that the Court examine the entire proceedings and determine "whether, in light of all the circumstances, the [conduct of Petitioner's trial counsel was] outside the wide range of professionally competent assistance." Id. at 690.  See also  Kimmelman v. Morrison, 477 U.S. 365, 386 (1986).

Accordingly, this Court's inquiry is highly deferential.  Strickland, 466 U.S. at 689.  The Court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness.  See Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.), cert. denied sub nom., Stanley v. Taylor, 512 U.S. 1230 (1994).  In short, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Once the deficiency prong is established, Petitioner must then show that as a result of the deficient performance, he was ultimately prejudiced.  Strickland, 466 U.S. at 687.  This prong of the test requires that Petitioner show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is more than a theoretical possibility.  Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992), cert. denied, 507 U.S. 954 (1993).  Instead, it is a probability sufficient to undermine confidence in that outcome.  Strickland, 466 U.S. at 699.  Thus, Petitioner must show "that counsel's errors were so serious as to deprive [Petitioner] of a fair [hearing]...whose result is reliable." Lockhart, 506 U.S. at 369 (internal quotes and citation omitted).  Prejudice is not simply a question of whether the outcome may have been different but for the counsel's error; rather the focus is on whether the result of the proceeding is fundamentally unfair or unreliable.  Id.

Petitioner must satisfy both prongs of the Strickland analysis. Unless Petitioner makes both showings, "it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687.

### 1. Suppression Motion

Petitioner's contention that defense counsel was ineffective because he never prepared a suppression motion on his behalf, even though this Court had scheduled such motion, does not satisfy the two-prong test set forth under Strickland. Primarily, Petitioner cannot show that counsel was deficient or that Petitioner suffered prejudice as a result because a suppression motion was brought to the attention of this Court by trial counsel prior to Petitioner's trial, and the motion was considered and denied. Gov't Ex. G at 1-4. In denying Petitioner's motion, this Court found that based on a totality of the circumstances, there was "clearly sufficient probable cause for the issuance of the search warrant" based on the record. Id. at 4. Specifically, this Court found that "the number of controlled purchases made in this case and the level of corroboration of those purchases detailed in the affidavits" established probable cause for the issuance of a search warrant. Id. Furthermore, this Court noted that the suppression motion had been denied prior to the change in Petitioner's trial counsel, but subsequently repeated the denial on the record. Id. at 3-4.

In addition, though Petitioner's trial counsel, Mr. Gallagher may not have argued the motion, counsel did appeal the denial of the motion, stating that there was no disposition of Petitioner's motion and that this fact did not come to counsel's attention until after trial and after transcripts were received. Gov't Ex. H at 51. He further argued that because he was not Petitioner's counsel when the motion was filed and was under the assumption that all motions had already been settled when he entered the case, that Petitioner should have his motion heard and the case should be remanded

for a new trial. Id. Though Petitioner's judgment of conviction was affirmed, the fact that Mr. Gallagher appealed the denial of the suppression motion and offered extensive oral argument on the issue shows that his representation of Petitioner was effective and not deficient.

Accordingly, since the suppression motion actually was litigated and denied, Petitioner does not satisfy the grounds for a claim of ineffective assistance of counsel as set forth under the Strickland analysis because he cannot show that trial counsel was deficient and that any such deficiency prejudiced him.

### 2. Mitigating Factors

Petitioner's argument that defense counsel was ineffective because he failed to investigate and present mitigating factors and failed to memorialize any such factors in a memorandum of law for the court's consideration at Petitioner's resentencing also does not satisfy the two-prong test set forth under Strickland. The facts on the record do not satisfy this contention. Primarily, Petitioner fails to specify exactly what mitigating factors he wanted counsel to address during resentencing. Petition at 6-7. Regardless, as the record reflects, Mr. Gallagher did present a variety of mitigating factors at Petitioner's resentencing, all of which were considered by the court. Specifically, Mr. Gallagher requested, through letter, that Petitioner join Mawulda Pinkston's Booker sentencing brief, submitted by Mr. John S. Furlong, defense counsel for Mawulda Pinkston. Gov't Ex. J. Mr. Gallagher's letter also requested that he be allowed to supplement the argument at the resentencing hearing, specifically on the issue of whether the two point increase for the possession of a weapon fails the Booker standard. Id. In addition, as the record reflects, Mr. Gallagher presented oral argument during the resentencing hearing and joined Mr. Furlong's argument. Gov't Ex. K at 16-20. Mr. Gallagher also submitted numerous letters from Petitioner's family on behalf of both

Petitioner and Mawulda Pinkston. Id. Accordingly, though Mr. Gallagher may not have submitted his own brief, this Court recognized that Mr. Furlong's brief as well as the letters were submitted on behalf of both brothers. Id. at 5. As a result, Mr. Gallagher was more than effective in presenting mitigating factors to this Court in preparation for Petitioner's resentencing hearing.

Furthermore, Petitioner's argues that Mr. Gallagher was ineffective because he missed the first resentencing hearing on April 18, 2005, and was unable to represent Petitioner for resentencing because he did not have time to represent Petitioner due to personal obligations. Petition at 6-7. This contention is also not supported by the record. Specifically, Petitioner's resentencing hearing was not scheduled on April 18, 2005. Rather, on that date, a scheduling conference call was held between the parties and this Court. Answer at 8. Following the scheduling conference, on April 19, 2005, Mr. Gallagher sent a letter, confirming that he was permitted to appear before this Court for Petitioner's resentencing. Gov't Ex. I. Subsequently, as the record reflects, on May 19, 2005, Mr. Gallagher was present and represented Petitioner with regard to his resentencing matter. Gov't Ex. K. Accordingly, on May 25, 2005, this Court ordered Petitioner's sentence reduced to two hundred and twelve months.

Petitioner appealed this Court's resentencing decision but at that time, Mr. Gallagher was no longer employed as a private attorney. However, Petitioner was appointed counsel to assist him with his appeal. As the record reflects, Mr. Gallagher fully represented Petitioner during his original resentencing hearing on May 19, 2005. Accordingly, the fact that Mr. Gallagher was not available to represent Petitioner with regard to his appeal does not in itself result in a claim of ineffective assistance of counsel or satisfy the element of deficiency under the Strickland analysis. Further, Petitioner suffered no prejudice during his appeal of the resentencing decision because Petitioner was

8

represented by appointed counsel.

As a result, because Mr. Gallagher effectively represented Petitioner during his resentencing hearing, Petitioner cannot show that counsel was deficient or that he was prejudiced as a result. Therefore, Petitioner's claim that counsel was ineffective fails under both prongs of the Strickland test.

      **C.    PROSECUTORIAL MISCONDUCT RESULTING IN CIVIL RIGHTS VIOLATION**

Petitioner further argues that prosecutorial misconduct occurred, ultimately resulting in a civil rights violation, in that investigating agents used racial slurs during the controlled buys and investigation. Petition at 8. Specifically, Petitioner argues that the cooperating witness used racial slurs during the controlled buys, resulting in a civil rights violation. Id. Because the cooperating witness's use of racial slurs during the investigation has already been litigated, Petitioner's claim must be dismissed.

Section 2255 "generally may not be employed to relitigate questions which were raised and considered on direct appeal.'" DeRewal, 10 F.3d at 105 n.4 (citation omitted). While Section 2255 does not expressly authorize the court to refuse to entertain a 2255 petition on the ground that the point raised had previously been decided on direct appeal, numerous courts have held that a 2255 petition may not be used to relitigate questions which were already raised and considered on direct appeal. Barton, 791 F.2d at 267.

Petitioner's claim that the cooperating witness used racial slurs was previously litigated on direct appeal. Specifically, point eight of Petitioner's brief in support of his direct appeal addresses the cooperating witness's use of racial slurs, in which Petitioner argued that investigators never

9

admonished the cooperating witness. Gov't Ex. H at 54-6. This argument was denied by the Court of Appeals, which affirmed Petitioner's conviction. See Answer at 3. Petitioner's argument mirrors his argument made on direct appeal, which was subsequently denied. Accordingly, because this issue had been previously litigated and denied, Petitioner's claim is dismissed

### D.   EVIDENCE DID NOT SUPPORT CONVICTION

Petitioner further contends that the evidence did not support a conviction regarding the alleged drug transaction that occurred on February 14, 2003. Petition at 9-11. Specifically, Petitioner argues that the Government grouped two transactions together, both occurring on February 14, 2003, in order to make one transaction resulting in fifty grams of crack cocaine, thus making his indictment incorrect. Id. Because Petitioner did not raise this issue on direct appeal and because the record does not support his allegations, this claim must be dismissed.

Petitioner's claim regarding a lack of evidentiary support for his conviction should have been raised on direct appeal. Absent a showing of "cause" for failing to assert the claim of direct appeal and "actual prejudice" resulting from that failure, Petitioner is procedurally barred from raising his claims on collateral review. See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 165 (1982); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). In order to show cause, Petitioner must show "that some objective factor external to the defense impeded counsel's efforts" to raise the claim earlier. Coleman v. Thomas, 501 U.S. 722, 753 (1991) (internal quotes and citation omitted). Following a sufficient showing of cause, Petitioner must then show actual prejudice by demonstrating that the error "had a substantial...effect or influence in determining the [judge's ruling]." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotes and citation omitted).

Petitioner does not effectively show cause for failing to raise his claim on direct appeal because he confuses the drug transaction that took place on February 14, 2003, with two drug transactions that took place on February 11, 2003. Specifically, the record shows that only one transaction took place on February 14, 2003. That transaction took place at Petitioner's residence located on Bert Avenue in Trenton and resulted in a purchase of fifty-five grams of cocaine base. Gov't Ex. B at 49-71. This amount was later confirmed by a lab report. Gov't Ex. A at ¶ 18. Petitioner confuses this transaction with the two transactions that took place on February 11, 2003 at an address on New Willow Street in Trenton. Gov't Ex. B at 24-49. The first transaction occurred in the afternoon, in which the cooperating witness purchased two ounces of crack cocaine from Mawulda Pinkston. Id. However, after the transaction, when the cooperating witness returned to law enforcement, it was determined that he had only received one ounce. Id. After arranging a second meeting with Mawulada Pinkston, the cooperating witness received the additional ounce of crack cocaine. Id. A lab report later confirmed that Mr. Hinkley received 24.8 grams of cocaine base during the first transaction, and 21.1 grams of cocaine base during the second transaction. Gov't Ex. A at ¶ 16.

All three transactions and the appropriate amount of drugs associated with each are accurately depicted in Petitioner's indictment. Answer at 13. Accordingly, because Petitioner's argument is factually inaccurate, Petitioner does not effectively demonstrate cause for failure to litigate the issue on direct appeal or make a showing of actual prejudice as a result.

## III. CONCLUSION

Accordingly, Petitioner's motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 is denied.

Dated: February 9, 2009

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.